# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/24/2022 01:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by L. Castillejo,Deputy Clerk
22STCV17124
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Maureen Duffy-Lewis

MICHAEL B. HORROW (SBN 162917)
SCOTT E. CALVERT (SBN 210787)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: mhorrow@donahuehorrow.com
Email: scalvert@donahuehorrow.com

Attorneys for Plaintiff VLADIMIR LABUTIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| VLADIMIR LABUTIN,<br><br>Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 22STCV17124<br><br>**COMPLAINT & JURY DEMAND**<br><br>1) Breach of the Duty of Good Faith and Fair Dealing;<br>2) Breach of Contract |

Plaintiff alleges as follows:

**GENERAL ALLEGATIONS**

Introduction

1. Plaintiff, VLADIMIR LABUTIN purchased Long Term Care Insurance to provide financial support in the event his health deteriorated to the point he could not independently perform his Activities of Daily Living.

2. Plaintiff selected Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA to provide this insurance coverage. Unfortunately, his trust was misplaced.

3. When the need arose to utilize this coverage, he filed the subject claim. Despite clear and consistent medical evidence supporting his need for assistance with his Activities of Daily Living, Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA has failed to provide

**Exhibit A**

the benefits as promised.

## Factual Summary

4. Plaintiff at relevant times is, and has been, a resident and citizen of the State of California.

5. Plaintiff alleges upon information and belief that the Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and authorized to transact and transacting the business of insurance in this state.

6. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants, DOES 1 through 10, are unknown to plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and on such information and belief alleges that each of the Defendants sued herein as a DOE is legally responsible in some manner for the events and happenings referred to herein, and will ask leave of this court to amend this complaint to insert their true names and capacities in place and instead of the fictitious names when the same become known to plaintiff.

7. At all relevant times, Defendants, and each of them, were, unless otherwise alleged by Plaintiff, the agents and employees of each of the remaining defendants, and were at all times acting within the purpose and scope of said agency and employment, and all defendants have ratified and approved the acts of their agents.

8. On or about September 25, 2008, Defendant PRUDENTIAL issued Long Term Care Policy Number I000084082 to Plaintiff.

9. According to the terms of the Policy, up to a $195 day is payable for the Home Care Daily Benefit or a $97.50 per day Cash Alternative Daily Benefit following a 90-day Benefit Waiting Period.

10. According to the Schedule of Policy Benefit, the Policy has an Unlimited Lifetime Maximum Benefit.

11. According to the terms of the Policy, Plaintiff purchased enhanced coverage which included an Automatic Simple Inflation Benefit Rider.

12. The Policy provides the following terms for Benefit Eligibility Criteria:

> Before incurring Eligible Charges and submitting a claim, you must undergo an Assessment and be certified by a Licensed Health Care Practitioner as having a Chronic Illness. A Chronic Illness is one that meets either definition below:

- A loss of the ability to perform, without Substantial Assistance, at least two Activities of Daily Living due to a loss of functional capacity. This inability must be expected to continue for at least 90 consecutive days. Activities of Daily Living are Bathing, Continence, Dressing, Eating, Toileting and Transferring.
- A severe Cognitive Impairment that requires Substantial Supervision to protect you from threats to health and safety.

13. On or about October 2013, Plaintiff's health required he have assistance with his Activities of Daily Living and submitted this subject claim.

14. Based upon information and belief, Defendant PRUDENTIAL approved Plaintiff's claim and agreed he met the Benefit Eligibility Criteria.

15. On or about October 15, 2020, Defendant PRUDENTIAL advised that Plaintiff continued to meet the benefit eligibility criteria and therefore ongoing benefits were approved.

16. On or about June 10, 2021, Defendant PRUDENTIAL's peer reviewer, Dr. Jason Bessey, contacted Plaintiff's treating physician and provided him an opportunity to review and respond to his peer review report.

17. On or about August 6, 2021, Plaintiff's orthopedic surgeon, Dr. Gustav Salkinder, prepared a written response to Defendant PRUDENTIAL's peer reviewer as follows:

- I respectfully disagree with the overall assessment made by Dr. Bessey and will point to the specific paragraphs in his letter that I do not agree with.
- The fourth paragraph on page 1 and the first paragraph on page 2 state the following: Long term assessment notes document that the claimant requires hands-on assistance for transferring out of bed in the morning due to pain. He reportedly requires hands-on assistance for bathing as well as dressing secondary to pain and decreased range of motion of the right upper extremity. The claimant reportedly requires all meals to be prepared for him and that the claimant is completely dependent on family for shopping. According to the physician's ADL/cognitive impairment questionnaire filled out by on 6/22/2020 and submitted by the claimant to the insurance company, the patient required hands-on assistance with bathing and dressing, which, in my opinion, was due to limited range of motion of the lumbar spine and decreased dexterity of the right hand due to his radicular symptoms with resultant numbness and tingling in the right hand. It was clearly stated on the form that the patient was independent with the transferring and eating. He had limited bending and twisting his trunk.

**Exhibit A**

- With regard to the second and third paragraphs on page 2 of Dr. Bessey's report, he refers to the surveillance videos of a Mr. Labutin.
- First of all, I would like to point out that the subrosa videos have limited value. The patient could have been under the influence of medication that he has been taking on a regular basis.
- Moreover, I never stated in my reports that the patient could not elevate his shoulders above 90 degrees.
- Once again, the observed activities do not accurately represent the level of Mr. Labutin's everyday functioning.
- As I previously stated in the report, the patient necessitates hands-on long term home care with activities requiring bath and dressing. At the present time, the patient remains independent with regard to the continence, toileting, and eating and requires occasional stand-by assistance with transferring. His wife, however, has to prepare all his meals.
- On page 3, paragraph one, Dr. Bessey states "based on this information, it is my opinion that the claimant would be expected to perform ADLs of bathing and transferring without human assistance." As was stated previously, the patient can perform transferring, however, occasionally requires stand by assistance; however, for bathing and dressing he requires hands-on assistance due to the physical limitation described above.
- I agree with Dr. Bessey that the patient may require assistance with meal preparation due to the reported numbness and tingling in the right hand.
- With regard to dressing, I disagree with Dr. Bessey and continue to maintain my opinion that the patient does require hands-on assistance due to the limited range of motion of the lumbar spine and the decreased function of the right hand due to the numbness and tingling in the right hand.

18. On or about November 24, 2021, Defendant PRUDENTIAL advised that based upon their medical peer review report Plaintiff no longer required assistance with his Activities of Daily Living despite the written objections by Plaintiff's treating physician. Defendant PRUDENTIAL advised a medical examination with a physician of their choice would be scheduled.

19. On or about March 31, 2022, Plaintiff submitted a Long Term Care – Cash Benefit Claim Form attesting to his ongoing need for assistance with Bathing, Dressing and Eating.

20. On or about April 15, 2022, Defendant PRUDENTIAL denied Plaintiff's ongoing claim for Long Term Care benefits effective April 1, 2022.

**Exhibit A**

21. To date, Plaintiff has performed all of his obligations under the Policy and has promptly complied with every request of Defendant PRUDENTIAL. Despite this, Plaintiff has not received all of the benefits he is entitled to under the subject Policy.

## FIRST CAUSE OF ACTION
### Breach of the Duty of Good Faith and Fair Dealing
### (Against Defendants THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and DOES 1 through 10, inclusive)

22. Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

23. Defendants, and each of them, have breached their duty of good faith and fair dealing owed to Plaintiff in the following respects:

   a. Unreasonably failing to make payments to Plaintiff at a time when Defendants knew that Plaintiff was entitled to the payments under the terms of the Policy.

   b. Unreasonably failing to make payments to Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid.

   c. Unreasonably withholding payments from Plaintiff knowing Plaintiff's claim for benefits under the Policy to be valid.

   d. Unreasonably misrepresenting to Plaintiff pertinent facts and insurance Policy provisions relating to the coverage in issue.

   e. Failing to reasonably and promptly investigate and process Plaintiff's claim for benefits.

   f. Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim for benefits in which liability has become reasonably clear.

   g. Failing to promptly provide a reasonable explanation of the basis relied upon in the Policy, in relation to the applicable facts, for the denial of Plaintiff's claim for benefits.

   h. Plaintiff is informed and believes and thereon alleges that Defendant has breached its duty of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware and which will be shown according to proof at the time of trial.

24. As a proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, and other economic and consequential damages, for a total amount to be shown at the time of trial.

**Exhibit A**

25. As a further proximate result of the aforementioned unreasonable conduct of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to Plaintiff's general damage in a sum to be determined at the time of trial.

26. As a further proximate result of the unreasonable conduct of Defendants, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy. Therefore, Defendants are liable to Plaintiff for those attorneys' fees, witness fees and costs of litigation reasonably necessary and incurred by Plaintiff in order to obtain the Policy benefits in a sum to be determined at the time of trial.

27. Defendants' conduct described herein was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and unjust hardship in conscious of Plaintiff's rights, or was an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention to deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Defendants.

28. Defendants' conduct was highly reprehensible because (1) it caused Plaintiff not only substantial economic loss, but also personal physical injury and physical sickness; (2) it demonstrated Defendants' indifference and reckless disregard as to the health and safety of Plaintiff; (3) it was repeated and continuous, rather than just an isolated incident; (4) it caused harm to Plaintiff not by accident, but rather by Defendants' intentional malice, trickery, and deceit; and (5) Plaintiff was financially vulnerable to Defendants' conduct.

29. Defendants' conduct described herein was undertaken by the corporate Defendant's deputies or managing agents, identified herein as DOES 1 through 10, who were responsible for claims supervision and operations, underwriting, communications and/or decisions. The aforedescribed conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate Defendants. Said corporate Defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 10, inclusive.

///

**Exhibit A**

## SECOND CAUSE OF ACTION
### Breach of Contract
**(Against Defendants THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and DOES 1 through 10, inclusive)**

30. Plaintiff refers to each and every paragraph of the General Allegations and incorporates those paragraphs as though set forth in full in this cause of action.

31. Defendants, and each of them, owed duties and obligations to Plaintiff under the Policy.

32. Defendants, and each of them, breached the terms and provisions of the insurance Policy by failing and refusing to pay benefits under the Policy as set forth in the second paragraph of the First Cause of Action, incorporated herein by reference.

33. As a direct and proximate result of Defendants' conduct and breach of their contractual obligations, Plaintiff has suffered damages under the Policy in an amount to be determined according to proof at the time of trial.

## PRAYER

WHEREFORE, Plaintiff VLADIMIR LABUTIN, prays for judgment against Defendants THE PRUDENTIAL INSURANCE COMPANY OF AMERICA and Does 1 through 10, inclusive, and each of them, as follows:

**As to First Cause of Action for Breach of Duty of Good Faith and Fair Dealing:**

1. Damages for failure to provide benefits under the Policy, plus interest, including prejudgment interest pursuant to Section 10111.2 of the California Insurance Code, and other economic and consequential damages, in a sum to be determined at the time of trial;

2. General damages for mental and emotional distress in a sum to be determined at the time of trial;

3. For attorneys' fees, witness fees and costs of litigation incurred by Plaintiff to obtain the Policy's benefits in an amount to be determined at the time of trial;

4. Punitive and exemplary damages in an amount appropriate to punish or set an example of Defendants;

5. For costs of suit incurred herein; and,

6. For such other and further relief as the Court deems just and proper.

**As to Second Cause of Action for Breach of Contract:**

7. Damages under the Policy in an amount to be determined according to proof at the time of trial;

8. For costs of suit incurred herein; and,

**Exhibit A**

9. For such other and further relief as the Court deems just and proper.

DATED: May 2?, 2022

DONAHUE & HORROW, LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

DATED: May 2?, 2022

DONAHUE & HORROW, LLP

MICHAEL B. HORROW
SCOTT E. CALVERT
Attorneys for Plaintiff

**Exhibit A**